UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:97-CR-26(02)RM |
| ) | |
| JOHN JOSE WATFORD, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Before the court are two motions filed by Mr. John Jose Watford. The first requests the court for leave to purchase the transcript of the rebuttal portion of the closing arguments made on September 5, 1997. The second motion is entitled a "Motion for Writ of Audita Querela" or for an order pursuant to Rule 52(b) FED. R. CRIM. P. Declaring the judgment of conviction and sentence void based upon legal defenses arising after the judgment and sentencing order as the result of intervening changes in case law declaring the sentencing guidelines an unconstitutional mandate," which the court construes as a second or successive petition filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, both motions are denied.

Mr. Watford's first motion requests leave to purchase a portion of his trial transcript pursuant to 28 U.S.C. § 753(b)(3), which provides, in part, that a court reporter must produce a transcript of a proceeding upon order of the court. The record indicates the portion of the transcript Mr. Watford now seeks already has been transcribed and delivered to him or his former counsel. The court will not

order the court reporter to furnish another copy of the transcript, and to the extent Mr. Watford asks permission to seek a copy of the transcript from his former attorney or the court reporter, leave of the court is not needed.

Mr. Watford's second motion, while captioned as one for a writ of audita querela or for an order pursuant to FED. R. CRIM. P. 52, collaterally attacks the validity of his conviction and sentence on the basis that they violate the Sixth Amendment of the Constitution.[1] Typically, a federal prisoner would advance such arguments under 28 U.S.C. § 2255, but Mr. Watford would not be able to do this because he already filed a § 2255 petition in 1999. *See* 28 U.S.C. § 2255 (Before the sentencing court may review a "second or successive motion [filed under § 2255, it] must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Moreover, Mr. Watford may not artfully label his motion (or craft his arguments) to avoid § 2255's procedural requirements for filing a second or successive petition with the court. United States v. Kimberlin, 675 F.3d 866, 869 (7th Cir. 1982) ("what is plain is that [a cause to issue a writ of audita querela] cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions"). Thus, regardless of the caption of Mr. Watford's motion, the court must substantively review it to determine whether the court can address the merits, or whether Mr. Watford must first request the court of appeals for permission to file a second or

---

[1] Mr. Watford has not advanced, nor can the court imagine, a valid independent ground for the court to grant the relief he requests pursuant to FED. R. CRIM. P. 52, and so the court only addresses the potential writ for audita querela.

successive § 2255 petition. *See* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

Though Mr. Watford emphatically declares in the body of his motion that he does not move under § 2255, he argues his conviction and his sentence contain "legal error" because they violate the Sixth Amendment of the Constitution. Congress intended for such arguments to be advanced in a § 2255 petition, and Mr. Watford provides no adequate basis why his situation should be an exception. *See* Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (noting that "Congress enacted 28 U.S.C. § 2255 to be a vehicle for collateral attacks on convictions and sentences for federal prisoners."); *see also* Melton v. United States, 359 F.3d at 857-858 (construing a prisoner's writ of audita querela attacking the validity of his conviction and sentence as a § 2255 petition). Thus, the court construes Mr. Watford's motion as one filed under § 2255, and as Mr. Watford has not yet been granted leave to file a second or successive § 2255 petition by the court of appeals, dismisses it for want of jurisdiction.

Therefore, Mr. Watford's motion for leave to purchase a portion of the transcript is DENIED [Doc. No. 170]. The court construes Mr. Watford's motion

for a writ of audita querela as a § 2255 petition, and SUMMARILY DISMISSES it as improperly filed with the court. [Doc. No. 172].

    SO ORDERED.

    ENTERED:  January 23, 2006


                            /s/ Robert L. Miller, Jr.
                            Chief Judge
                            United States District Court

cc:    J. Watford
        K. Hays