UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 3:97-CR-26(02) RM |
| | ) | |
| JOHN JOSE WATFORD | ) | |

## OPINION and ORDER

On September 5, 1997, a jury found John Jose Watford guilty on two counts of robbery and one count of attempted robbery in connection with three armed bank robberies. Mr. Watford was sentenced to a total term of imprisonment of 802 months, and his conviction was affirmed on October 22, 1998. United States v. Watford, 165 F.3d 34 (7th Cir. 1998). On October 19, 1999, Mr. Watford filed his first § 2255 petition, claiming ineffective assistance of both his trial and appellate counsel, and the court denied his motion on March 21, 2000. The Court of Appeals dismissed Mr. Watford's appeal of that order on January 18, 2001.

Thereafter, Mr. Watford sought an order pursuant to Federal Rule of Criminal Procedure 52(b) declaring his conviction and sentence void based upon legal defenses arising after the judgment and sentencing as the result of intervening changes in the law, which the court denied as a successive § 2255 petition. Mr. Watford then filed two additional motions – one requesting that the court stay the fine/restitution imposed against him and the other requesting that the court amend his term of imprisonment pursuant to 18 U.S.C. § 3582(c) based on purported errors made at sentencing – which the court denied as successive § 2255 petitions on December 2, 2008.

Mr. Watford now is before the court on his "Petition for Writ of Audita Querela Pursuant to the All Writs Act, 28 U.S.C. § 1651," in which he contends that he is entitled to re-sentencing in light of the United States Supreme Court's decision in United States v .Booker, 543 U.S. 220 (2005). According to Mr. Watford, he was deprived of due process and his right to a jury trial when he was sentenced based upon a mandatory guidelines sentencing system and was precluded from raising Booker issues at the time of his sentencing, direct appeal, and post-conviction petitions. Although Mr. Watford recognizes that "Booker is not retroactive to habeas cases on collateral review," he contends that the Supreme Court hasn't addressed retroactivity in the context of a motion for writ of audita querela. Mot. at 10. Mr. Watford maintains that his claims aren't brought pursuant to 28 U.S.C. § 2255 and argues that common law writs can be used to "fill gaps in the current systems of post-conviction relief." Mot. at 9. The court can't agree.

28 U.S.C. § 2255(a) provides that a federal prisoner may seek to have his sentence vacated, set aside, or corrected based on a claim that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. Mr. Watford's original § 2255 petition was denied in March 2000. A sentencing court may consider a second or successive petition only if the petitioner obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be

certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Watford hasn't alleged or established that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by "inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also* Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case – whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela – may be treated as one under § 2255, because the caption on a document does not matter.").

While a "procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense," In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); *see also* United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (relief under a writ of audita querela may be available if a criminal defendant could show such relief was "necessary to plug a gap in the system of federal postconviction remedies"), Mr. Watford has made no showing of the inadequacy of post-conviction remedies. The Booker holding doesn't apply retroactively to criminal cases that became final before Booker was decided in January 2005. *See*

3

United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2008) (*citing* McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)). That Booker isn't applicable to Mr. Watford's § 2255 petitions doesn't create a "gap" that would permit a writ of audita querela. *See* United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("Booker does not apply retroactively to cases on collateral review. There is, therefore, no colorable claim of a constitutional violation, and hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. As a result, a writ of audita querela does not lie.") (citation omitted); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (holding that petitioners may not obtain re-sentencing based on Booker by collaterally attacking their sentences through a petition for a writ of audita querela); *see also* McNair v. United States, 2008 WL 3874604, at *3 (N.D. Ind. Aug. 15, 2008) (holding that the petitioner was foreclosed from pressing for a re-sentencing based on Booker, regardless of the fact that he sought a writ of audita querela rather captioning his petition as a motion for relief under § 2255).

Mr. Watford's "Petition for Writ of Audita Querela Pursuant to 28 U.S.C. Section 1651" must be construed as a second or successive petition under 28 U.S.C. § 2255. Mr. Watford previously filed a § 2255 petition in this court, so his current motion [Doc. No. 179] is DENIED as directed to the wrong court.

SO ORDERED.

ENTERED: <u>January 15, 2009</u>

4

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court