UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | Case Nos. | 3:97-CR-26(2)RM and |
| | ) | | 3:99-CV-617 RM |
| JOHN WATFORD | ) | | |

## OPINION and ORDER

Defendant John Watford filed a Motion for Recusal of Judge under 28 U.S.C. § 1651(a), contending that the court's order of October 13, 2010 in 3:99-CV-617 denying his motion for leave to reopen an appeal was a "biased judgement" handed down prematurely, was influenced by a "conflict of interest" (the nature of which is not disclosed), and evidences a bias in favor of the Government. For the following reasons, the court denies the motion.

The two federal statutes governing recusal are found at 28 U.S.C. §§ 144 and 455. Mr. Watford's motion comes more than twelve years after judgment was entered in his criminal case (3:97-CR-26(2)), and more than ten years after the denial of his § 2255 petition (3:99-CV-617), and isn't accompanied by an affidavit or certificate of good faith signed by counsel for the defendant as required under § 144.

The court therefore assumes that he is seeking recusal under 28 U.S.C. § 455(a), which provides that: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Section 455(a) requires recusal if the judge's

impartiality might reasonably be questioned by a "well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 988 (7th Cir.2001) (quoting Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990). *See also* Matter of Hatcher, 150 F.3d 631, 637 (7th Cir. 1998); Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified, Hook v. McDade, 89 F.3d at 354 (citing Matter of Mason, 916 F.2d at 385-86), and the bias generally must "arise from an extrajudicial source." O'Regan v. Arbitration Forums, Inc., 246 F.3d at 988. *See also* Liteky v. United States, 510 U.S. 540, 554 (1994); In re Huntington Commons Assocs., 21 F.3d 157, 158-59 (7th Cir.1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. at 555. *See also* McLaughlin v. Union Oil Co. of Calif., 869 F.2d 1039, 1047 (7th Cir. 1989) ("bias cannot be inferred from a mere pattern of rulings by a judicial officer"). Mr. Watford has alleged nothing more.

To prevail on his request for recusal under § 455(a), Mr. Watford must demonstrate an "objectively reasonable basis for questioning [the] judge's impartiality." In re International Business Macines Corp., 45 F.3d 641, 644 (2d Cir. 1995). His conclusory assertions regarding the court's October 13 order fall far short of the mark, and don't rebut the presumption that a court acts according to the law and not personal bias or prejudice. *See* Withrow v. Larkin, 421 U.S. 35, 47 (1975). Mr. Watford has not identified any facts or extrajudicial source which

2

would call into question the court's impartiality. Accordingly, the motion for recusal (Doc. No. 217 in 3:97-CR-26(02) and Doc. No. 21 in 3:99-CV-617) is DENIED.

SO ORDERED.

ENTERED:   December 3, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: J. Watford
　K. Hays
　S. Jefferson