UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| J<small>OHN</small> J<small>OSE</small> W<small>ATFORD</small>, | ) |  |
|---|---|---|
|  | ) |  |
| P<small>ETITIONER</small>, | ) |  |
|  | ) |  |
| vs. | ) | C<small>AUSE</small> N<small>O</small>. 3:97-CR-26 (02) RM |
|  | ) |  |
| U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>, | ) |  |
|  | ) |  |
| R<small>ESPONDENT</small>. | ) |  |

OPINION and ORDER

This matter is before the court on a petition filed by John Jose Watford, which he styles as a writ for habeas corpus under 28 U.S.C. § 2241 (Doc. No. 219). Mr. Watford uses this petition to challenge the court's sentencing finding that he was a career offender as defined by the 1997 United States Sentencing Commission's Sentencing Guidelines Manual.

The court must decide at the outset whether it has jurisdiction over Mr. Watson's petition. The proper court in which to bring a § 2241 petition is the district court in the district where the petitioner is incarcerated (Mr. Watford is confined in Jonesville, Virginia). See 28 U.S.C. § 2241(a). Petitions arising under § 2255, however, are to be brought in the district court which imposed the sentence (which, in this case, is this court). § 2255(a).

For a variety of reasons, prisoners incarcerated in the federal system frequently try to challenge their conviction or sentence by calling a petition something other than a motion arising under § 2255. If the petition is a

challenge that should fall under § 2255, inventive captioning doesn't circumvent the § 2255 rules. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. The normal practice of a district court that receives such a motion is to allow the petitioner the right to supplement or withdraw the filing, and, if he doesn't, to rule on it as a § 2255 petition. Castro v. United States, 540 U.S. 375, 383 (2003).

Mr. Watford captioned his filing as a motion under § 2241 and named the warden as the respondent. Nevertheless, the substance of his argument attacks a finding by the sentencing court (that he was a career offender) and he filed the petition in the sentencing court. Had he captioned the motion as anything else, for example, "a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card," (*see* Melton v. United States, 359 F.3d at 857) the court would have examined the substance alone and determined it to be a § 2255 motion. One thing makes this petition unique: Mr. Watford chose to call it a § 2241 motion.

Section 2241 is different from § 2255 and provides a unique relief. The typical § 2241 claim contemplates conditions of confinement. *See e.g.* Jones v. Cross, 637 F.3d 841 (7th Cir. 2011) (addressing a prisoner's dispute regarding his loss of good time credit after an altercation); *but see* Robinson v. Sherrod,

631 F.3d 839 (7th Cir. 2011) (finding that a complaint about medical treatment in prison isn't cognizable under § 2241. "When there isn't even an indirect effect on duration of punishment, we'll adhere to our long-standing view that habeas corpus isn't a permissible route for challenging prison conditions." Robinson, 631 F.3d 840–841, *parenthetical omitted*). In addition to being a tool to challenge conditions of confinement, § 2241 also provides, in extraordinary circumstances, relief, but only if the relief granted by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention. 28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("Congress did not amend or repeal § 2241 when § 2255 was enacted – though paragraph 5 of § 2255 makes that section the exclusive remedy unless 'the remedy by motion is inadequate or ineffective to test the legality of his detention.'" Collins v. Holinka, 510 F.3d at 667 *quoting* 28 U.S.C. § 2255(e)).

Even though a petition might appear to be attacking the conviction or sentence under § 2255, if a petitioner genuinely proceeds under § 2241, the court must honor that. Collins v. Holinka, 510 F.3d at 667. "[A] procedurally valid section 2241 petition (valid because both Wyatt and his custodian are in the Western District of Texas) cannot be treated as something else and litigated somewhere else." United States v. Wyatt, 672 F.3d 519, 523 (7th Cir. 2012). "[A] § 2241 petition shouldn't be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009).

Mr. Watford's § 2241 petition is exactly what the court of appeals describes in Collins v. Holinka, Wyatt v. United States, and United States v. Wyatt. He has captioned it as a § 2241 petition and he has named the warden as the respondent. That it appears to be a successive petition attacking a sentencing finding and filed pursuant to 28 U.S.C. § 2255 is immaterial. The proper venue for a § 2241 is the district that has jurisdiction over Mr. Watford and the warden. *See* Moore v. Olson, 368 F.3d at 759. Venue is improper in the Northern District of Indiana, where this action was brought.

When an action is brought in the wrong venue and the interests of justice require it, the court can transfer an action to the proper venue. 28 U.S.C. § 1406(a); *see also* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499–500 (1973) (holding that the statutory grant of jurisdiction in the habeas corpus statute doesn't limit the court's subject matter jurisdiction, but is, instead, more equivalent to venue); *accord* Moore v. Olson, 368 F.3d at 759. The typical argument in favor of transferring is to preserve a claim that was inadvertently filed in the wrong venue from being forfeited due to a statutorily-imposed time limitation elapsing. *See e.g.* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466—467 (1962) ("If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of s 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized[.]"); *accord* Wild v. Subscription Plus, Inc., 292 F.3d 526, 531 (7th Cir. 2002).

Mr. Watford doesn't provide the court with an argument that invokes the interest of justice requiring transfer of venue. His § 2241 petition raises claims regarding his sentencing, which are typically raised under § 2255 (although that would make this petition another successive petition filed under § 2255 without leave of the court of appeals to file a second or successive petition, which is most likely why Mr. Watford styled his petition as something other than a motion under § 2255). There is no indication that Mr. Watford's § 2241 petition would bring him a remedy if he had filed it in the proper court, and there is no indication that filing it in this court changed that status (for instance, there is no indication that a filing deadline elapsed in the time this matter has been pending with this court). The court has no reason to invoke the interests of justice and transfer the petition.

Mr. Watford's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED because it was brought in the wrong court.

SO ORDERED.

ENTERED: <u>April 13, 2012</u>

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: . J. Watford
    K. Hays-AUSA