UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN JOSE WATFORD, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:97-CR-26 (02) RM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

OPINION and ORDER

In April 2012, the court denied John Jose Watford's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 because Mr. Watford filed the petition in the sentencing court rather than in the district in which he is incarcerated. Mr. Watford has now filed a motion under FEDERAL RULE OF CIVIL PROCEDURE 60(a) asking the court to correct its judgment on that order.

This court sentenced Mr. Watford and so is the proper court in which to bring a motion under § 2255, but isn't the proper court in which to bring a petition under § 2241. Section 2241 petitions must be brought in the court that has jurisdiction over the warden (that is, the district in which the prison is located). *See* Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001) (finding that, even when § 2241 is being used to challenge the sentence, the action must be brought in the district of the prison); United States v. Prevatte, 300 F.3d 792, 799 (7th Cir. 2002) (A § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed 'in the district of confinement ..., not the district

where the case was tried.'" *quoting* Graza v. Lappin, 253 F.3d at 921). Mr. Watford is incarcerated in the United States Penitentiary – Lee, which is in the District of Western Virginia. This Northern District of Indiana court doesn't have jurisdiction over the prison in Virginia.

Mr. Watford asks this court to consider the merits of his petition notwithstanding the lack of jurisdiction. When the court lacks jurisdiction over the respondent, any judgment entered would be void. *See e.g.* Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th Cir. 2011) ("A judgment entered against a defendant over whom the court had no jurisdiction is void, and no court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction."). Without jurisdiction, the court won't consider the merits of Mr. Watford's petition. Court do sometimes "take a peek at the merits" to determine if transfer to another court is appropriate, Phillips v. Seiter, 173 F.3d 609, 610-611 (7th Cir. 1999), and the court did that in its previous order. Nothing in Mr. Watford's petition gave the court reason to think that transfer to another court would serve the interests of justice. *See* 28 U.S.C. § 1631. Nothing in Mr. Watford's Rule 60 motion gives the court reason to think that finding was in error. The court notes that the dismissal for lack of jurisdiction was without prejudice, meaning that the court's prior order does not act to stop Mr. Watford from filing a petition in a court with jurisdiction.

Because the court lacks jurisdiction to hear Mr. Watford's petition under 28 U.S.C. § 2241, Mr. Watford's motion to correct that judgment (Doc. No. 221) is DENIED.

SO ORDERED.

ENTERED: <u>June 14, 2012</u>

<u>    /s/ Robert L. Miller, Jr.    </u>
Judge
United States District Court

cc: J. Watford
    K. Hays/S. Jefferson-AUSA