UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN JOSE WATFORD ) | Cause No. 3:97-cr-26-RLM |

OPINION AND ORDER

John Watford has filed a motion requesting his sentence be reduced to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The court has already denied two such motions from Mr. Watford. [Doc. No. 295]; [Doc. No. 316]. The government opposes Mr. Watford's motion, and the motion is now ripe. The court denies Mr. Watford's motion for the following reasons. [Doc. No. 343].

I. BACKGROUND

The court described the underlying facts in Mr. Watford's case in detail in its February 2021 order. [Doc. No. 316]. For brevity, the court only summarizes them here.

Mr. Watford and a co-defendant conducted a string of armed bank robberies in 1997. Mr. Watford was convicted by a jury of three counts of aggravated bank robbery and three counts of carrying a firearm in furtherance of a crime of violence. The court sentenced Mr. Watford in 1998 to an 802-month term of imprisonment and a 3-year term of supervised release. As of the date of this order, Mr. Watford has spent about 26 years in prison on this sentence. Mr. Watford now moves, for the third time, for a reduction in his sentence.

1

## II.   DISCUSSION

To move for compassionate release, Mr. Watford must first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or wait thirty days after the warden received his request. 18 U.S.C. § 3582(c)(1)(A). Mr. Watford can present only the same or similar grounds that he presented to the warden in his motion. *See* United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021).

Mr. Watford petitioned the warden at FCI Memphis for compassionate release on March 29, 2023, presenting substantially the same arguments he offers in the present motion. *See* [Doc. No. 347-3]. Mr. Watford filed his motion more than thirty days later. The government concedes and the court is satisfied that Mr. Watford sufficiently exhausted his administrative rights before moving for compassionate release.

The district court can grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) if (1) extraordinary and compelling circumstances warrant a reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) the reduction is consistent with the § 3553(a) sentencing factors. United States v. Williams, 65 F.4th 343, 346 (7th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). The court looks to "the applicant's individualized arguments and evidence" to determine whether a motion for compassionate release should be granted. United States v. Rucker, 27 F.4th 560, 563 (7th Cir. 2022). "The movant bears the burden of establishing 'extraordinary

and compelling reasons' that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021) (citation omitted).

Mr. Watford argues that the court should order his release because: (1) his father has serious health conditions and needs a caregiver; (2) Mr. Watford has serious health conditions that are worsened by COVID-19 Pandemic restrictions; (3) Mr. Watford has strong family support; (4) Mr. Watford has successfully been rehabilitated; and (5) Mr. Watford's sentence is unusually long. The court addresses each of these arguments in turn.

*Mr. Watford's Father's Health*

Mr. Watford says he is the "only able-bodied, suitable caregiver" for his father, Cosmo Watford, who has paraplegia and was recently diagnosed with cancer. Mr. Watford says his father's current caregiver can't move him to and from his wheelchair, and Mr. Watford's siblings are either unable or unwilling to care for their father due to their own medical conditions or busy lives. Mr. Watford says his father has been bedridden for months at a time, which has caused or exacerbated his illnesses and conditions, and which Mr. Watford says shows that no other capable caregivers are available. Mr. Watford seems to base his argument on both the Sentencing Guideline's catch-all provision and a proposed amendment to the Guidelines, which adds "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" to the list of extraordinary and compelling circumstances. Amendments to the Sentencing Guidelines, Policy Statements, Official

3

Commentary, and Statutory Index, 88 Fed. Reg. 28254, 28255 (May 3, 2023) (to be codified at U.S.S.G. § 1B1.13(b)(3)(C)).

The court disagrees with Mr. Watford. "Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction." United States v. Eldridge, No. 4:14-cr-24-TWP-VTW, 2022 WL 2392962, at *3 (S.D. Ind. July 1, 2022) (citations omitted); *e.g.*, United States v. Bartlett, No. 1:14-cr-14-HAB, 2023 WL 2966538, at *3 (N.D. Ind. Apr. 17, 2023) (citations omitted); United States v. Cephus, No. 2:09-cr-43, 2021 WL 3884829, at *3 (N.D. Ind. Aug. 31, 2021); United States v. Ramirez, No. 08-cr-746-15, 2023 WL 2078442, at *3 (N.D. Ill. Feb. 17, 2023); United States v. Saylor, No. 1:10-cr-46-SEB-MJD-01, 2021 WL 269350, at *4 (S.D. Ind. Jan. 26, 2021).

Mr. Watford points to two cases from within this circuit that don't follow the majority approach. See United States v. Reyes, No. 04-cr-970, 2020 WL 1663129 (N.D. Ill. Apr. 3, 2020); United States v. Ikegwuonu, No. 15-cr-21-WMC-1, 2021 WL 719160 (W.D. Wis. Feb. 24, 2021). In United States v. Reyes, Mr. Reyes's aunt's cancer "contribute[d] to allowing the Court to make a finding that extraordinary and compelling circumstances exist[ed]," but it was one among several grounds, including that Mr. Reyes had served the majority of his sentence and had committed no disciplinary infractions to the court's knowledge. United States v. Reyes, 2020 WL 1663129, at *3-4. Likewise, Mr. Ikegwuonu had already nearly completed his sentence and there was circuit authority that supported

considering a change in law as an extraordinary and compelling circumstance. United States v. Ikegwuonu, 2021 WL 719160, at *3. These considerations all weigh against Mr. Watford. Although Mr. Watford has been in prison for 26 years, he has completed less than half of his sentence. And the court has already determined that the changes in the law relevant to Mr. Watford's sentence can't be considered extraordinary and compelling circumstances. [Doc. No. 295]; [Doc. No. 316].

Mr. Watford's argument that the court should consider the proposed amendment to the sentencing guidelines also falls short. "Until the Sentencing Commission formally enacts the amendment, it is simply a proposal, and [the Seventh Circuit] decline[s] to adopt it as the law of this Circuit." United States v. Kosmel, 272 F.3d 501, 508-508 (7th Cir. 2001); United States v. Freeman, No. 1:16-cr-78-HAB, 2023 WL 2523417, at *2 (N.D. Ind. Mar. 14, 2023) ("While the Court acknowledges that the Commission is in the process of revising [the Sentencing Guidelines], it is premature for the Court to consider draft amendments."); United States v. Bartlett, 2023 WL 2966538 at *3 n.3 ("Until and unless those changes become effective, the Court concludes that it is inappropriate to consider them."). That other circuits view the amendments differently doesn't change the law this court must follow in this circuit. See United States v. Glaser, 14 F.3d 1213, 1216 (7th Cir. 1994) (decisions by the circuit court are binding authority on the district courts within its territory (citation omitted)).

Mr. Watford has also informed the court that his mother passed away on June 15, 2023. [Doc. No. 353]. A mother's passing is a profound loss, but the death of a relative isn't extraordinary and compelling. *See* U.S.S.G. § 1B1.13 n.1 (listing familial circumstances that could be extraordinary and compelling); United States v. Khaled, No. 18-cr-863-1, 2023 WL 4595688, at *2 (N.D. Ill. July 18, 2023) ("That [the defendant] wants to see his family is commendable and understandable, but not an extraordinary or compelling circumstance . . . . A natural consequence of being imprisoned is an inability to see one's family as much as one desires.").

*Mr. Watford's Health*

Mr. Watford argues that his own health warrants granting his request for release. He points to his pulmonary embolisms, essential hypertension, obesity, asthma, blood clots, cramps, and swelling in his legs, and he's being monitored for pulmonary hypertension, heart strain, and possible early failure of the right side of his heart. He says prison lockdowns prevent him from moving around to mitigate his blood clots, cramps, and swelling, and they increase his risk of heart attack or stroke. He argues that if he's released, his health would improve because he'd be able to get the movement that he needs.

The court summarized Mr. Watford's conditions and explained why they weren't extraordinary and compelling in February 2021. *See* [Doc. No. 316 at 13-17]. Mr. Watford doesn't say whether any of his conditions or overall health has changed since then, and the government points to Mr. Watford's medical records

6

since the court's last order to suggest that Mr. Watford's health has remained the same. *See* [Doc. No. 351-2]. Mr. Watford doesn't address this assertion in his reply.

For the reasons explained in the court's February 2021 order, and because Mr. Watford's medical conditions don't appear to have changed since then, Mr. Watford's health doesn't constitute an extraordinary and compelling circumstance.

### Mr. Watford's Support System

Mr. Watford points to his strong support system. The letters that Mr. Watford's family members and friends have provided show that he has an impressive and supportive community prepared to rally around him upon his release. Strong family support, no matter how commendable, isn't an extraordinary and compelling circumstance. *See* United States v. Ramirez, 2023 WL 2078442, at *3 (strong family support not extraordinary and compelling); United States v. Quintana, No. 1:17-cr-190-TWP-TAB-2, 2021 WL 4521150, at *5 (S.D. Ind. Oct. 1, 2021) ("Many prisoners would like to be in their children's [and grandchildren's] lives but that is an unfortunate consequence of their crimes.").

### Mr. Watford's Rehabilitation

Mr. Watford argues that his good behavior and rehabilitation during incarceration warrant reducing his sentence. He points out that he's earned his

GED, taken 69 classes (totaling 1,703 hours), and worked multiple jobs throughout his term of imprisonment. He says he has served as a "mentor, tutor, and legal aid to younger inmates." [Doc. No. 344 at 17]. Many of the letters submitted on his behalf reference his character and that he has reformed during his time in prison. The government points out that Mr. Watford has had at least 21 different disciplinary incidents, which involved drugs and alcohol, fighting, and possessing dangerous weapons. But the court noted in its February 2021 order that those infractions occurred early in Mr. Watford's incarceration; "the only offense of any sort he's had since 2012 was letting another inmate take his turn on the phone in July 2014 . . . ." [Doc. No. 316 at 28]. The court is unaware of any infractions since that order.

Rehabilitation alone can't constitute grounds for a sentence reduction, but courts may consider rehabilitation along with the other factors serving as the basis for compassionate release. United States v. Peoples, 41 F.4th 837, 841-842 (7th Cir. 2022); 28 U.S.C. § 994(t). The court hasn't otherwise found Mr. Watford's circumstances to be extraordinary and compelling, so the court can't release Mr. Watford from incarceration because of his alleged rehabilitation.

*Mr. Watford's Sentence as Unreasonably Long*

The court has already rejected Mr. Watford's argument that the length of his sentence is an extraordinary and compelling reason to reduce his sentence, although the court concluded that Mr. Watford's sentence was "extraordinarily

8

unreasonable." [Doc. No. 316 at 2, 8-13]. The Circuit Court upheld that decision on appeal. [Doc. No. 322]. Mr. Watford argues that the court should consider the proposed amendments to the Sentencing Guidelines, which would add "unusually long sentences" as an extraordinary and compelling reason. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28254, 28255 (May 3, 2023) (to be codified at U.S.S.G. § 1B1.13(b)(6)). As already discussed, these amendments are not the law in this Circuit unless and until they are officially adopted, which won't happen until November 2023 and could be prevented by Congressional action. Accordingly, the court rejects Mr. Watford's argument on this basis. The amendments might produce a different result if and when they take effect, but that isn't a question for resolution today.

None of the reasons Mr. Watford has presented—taken independently or together—constitute extraordinary and compelling circumstances. Without such a circumstance, the court need not address the § 3553(a) sentencing factors.

### III. CONCLUSION

For these reasons, the court DENIES Mr. Watford's motion to reduce his sentence. [Doc. No. 343]. Good cause having been shown, the court GRANTS Mr. Watford's and the government's motions to seal, [Doc. No. 346]; [Doc. No. 350], and DIRECTS the Clerk to maintain Doc. Nos. 346 and 351 under seal.

SO ORDERED.

9

ENTERED: <u>July 31, 2023</u>

<u> /s/ Robert L. Miller, Jr.     </u><br>
Judge, United States District Court